UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

vs.                                                                  Case No. 88-80523

ELPIDO CONCEPTION,                                      HON. AVERN COHN

      Defendant/Petitioner.
_____/

<u>**ORDER LIFTING STAY OF PROCEEDINGS
AND DENYING MOTION FOR WRIT OF ERROR CORAM NOBIS (Doc. 878)**</u>

I.

This is a criminal case.  In 1991, Defendant/Petitioner Elpido Conception, a native of Cuba and permanent resident of the United States, (Petitioner) pled guilty to conspiracy to possess with distribute cocaine, in violation of 21 U.S.C. § 846 and § 841(A)(1).  Petitioner was sentenced in 1991 to eighteen months imprisonment, for which he says he served thirteen months and was released.  He did not appeal his conviction.  Before the Court is Petitioner's motion for a writ of coram nobis.  As will be explained, the Court stayed proceedings on the motion pending a controlling decision from the Supreme Court.  For the reasons that follow, the stay will be lifted and the motion will be denied.

II.

Coram nobis is an extraordinary writ used to vacate a federal sentence or conviction "only 'when a § 2255 motion is unavailable—generally when the petitioner has served his sentence completely and thus is no longer in custody.' "  <u>United States v.</u>

Johnson, 237 F.3d 751, 755 (6th Cir. 2001) (quoting Blanton v. United States, 94 F.3d 227, 231 (6th Cir. 1996)).  The Supreme Court has limited the writ's use to "circumstances compelling such action to achieve justice."  United States v. Morgan, 346 U.S. 502, 511 (1954).  For a court to grant the writ, a petitioner must "demonstrate[ ] a factual error that was unknown at the time of trial and that is of a fundamentally unjust character which probably would have altered the outcome of the challenged proceeding if it had been known."  Pilla v. United States, 668 F.3d 368, 372 (6th Cir. 2012) (internal quotation marks omitted).

III.

In 1993, Petitioner was placed in removal proceedings based on his criminal conviction.  He was ordered deported by an immigration judge on November 8, 1993.  It is not clear whether Petitioner challenged the deportation decision.  To date, he has not been deported.

In 2011, Petitioner, proceeding pro se and then by counsel, filed a motion for a writ of coram nobis.  The motion is based on the United States Supreme Court's decision in Padilla v. Kentucky, 130 S. Ct. 1473 (2010), where the Supreme Court held that criminal defendants receive ineffective assistance of counsel when their attorneys fail to advise them that pleading guilty carries a risk of deportation.  Petitioner's motion presents two issues: (1) whether Padilla applies retroactively to persons, like Petitioner, whose convictions became final after its announcement; and (2) whether, if Padilla applies, Petitioner's counsel was ineffective for, according to Petitioner, not advising him of the potential immigration consequences of pleading guilty.  As noted in the parties' papers, courts were split on the issue of whether Padilla applies retroactivity.

2

On April 30, 2012, the Supreme Court granted certiorari in <u>Chaidez v. United States</u>, 11-820 to address the question of whether <u>Padilla</u> applies retroactively. Accordingly, on June 20, 2012, the Court stayed proceedings pending the Supreme Court's decision in <u>Chaidez</u>.  (Doc. 882).

Unfortunately for Petitioner, on February 20, 2013, the Supreme Court held that "<u>Padilla</u> does not have retroactive effect."  <u>Chaidez v. United States</u>, —— U.S. ——, 133 S.Ct. 1103, 1107–08 (2013).  <u>Chaidez</u> was also a coram nobis case where the petitioner sought to apply <u>Padilla</u> retroactively to her conviction.  The Supreme Court, however, held that <u>Padilla</u> announced a new constitutional rule of criminal procedure, and was not retroactive to defendants whose convictions became final before its issuance.  <u>Chaidez</u>, 133 S.Ct. at 1113.  In light of <u>Chaidez</u>, Petitioner cannot seek coram nobis relief on the ground that <u>Padilla</u> retroactively applies to his conviction because his conviction was final at the time <u>Padilla</u> was decided.  Accordingly, Petitioner is not entitled to coram nobis relief.

IV.

For the reasons stated above, the stay is LIFTED and the motion for a writ of error coram nobis is DENIED.

SO ORDERED.

 S/Avern Cohn                                         
UNITED STATES DISTRICT JUDGE

Dated:  April 26, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 26, 2013, by electronic and/or ordinary mail.

 S/Sakne Chami                          
Case Manager, (313) 234-5160

3